Jason Crews
1515 N Gilbert Rd 107-204
Gilbert, AZ 85233
602-295-1875

*In propria persona*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

PHOENIX DIVISION

| | |
|---|---|
| Jason Crews, | Case No.: 2:24-cv-02227-JZB |
| Plaintiff, | |
| vs. | Plaintiff's Motion for Leave to File |
| Benavest, Corp, *et al.*, | Plaintiff's First Amended Complaint |
| Defendants. | |

Pursuant to Federal Rules of Civil Procedure 15(a)(1)(A) and Local Rules of Civil Procedure 15.1(a), Plaintiff hereby respectfully moves the Court to grant leave for Plaintiff to file his Second Amended Complaint, of which a red line version has been filed along with this motion.

Plaintiff files this in response to new allegations arising from recently discovered evidence.

**Legal Standard**

Under Rule 15(a), leave to amend is liberally granted, and it is an abuse of discretion to deny leave in the absence of a showing of prejudice or bad faith or without a showing that the proposed amendment is frivolous.[1] See *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d

---

[1] Former FRCP 13(f) provided that "[t]he court may permit a party to amend a pleading to add a counterclaim if it was omitted through oversight, inadvertence, or excusable neglect or if justice so requires." However, FRCP 13(f) was abrogated in 2009 because "[w]hen the court's leave is required, the reasons described in Rule 13(f) for permitting amendment to a

1

1048, 1051 (9th Cir. 2003) ("Generally, Rule 15 advises the court that 'leave shall be freely granted when justice so requires.' This policy is 'to be applied with extreme liberality.'") (citations omitted); see also *Cooper Dev. Co. v. Emp'rs Ins. of Wausau*, 765 F. Supp. 1429, 1432 (N.D. Cal. 1991) ("Leave to amend should be denied only when there is a showing of undue delay, bad faith, futility of amendment or prejudice to the opposing party.").

Federal Rule of Civil Procedure 15(a) reflects an underlying policy that disputes should be determined on their merits and not on the technicalities of pleading rules. Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 181-82 (1962). Rule 15(a) has been consistently applied in this district and circuit to grant leave unless there is a showing of prejudice, undue delay, bad faith, or "futility of amendment." *Cooper Dev. Co.*, 765 F. Supp. at 1432; see also *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999); *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987); *Advanced Cardiovascular Sys. v. SciMed Life Sys.*, 989 F. Supp. 1237, 1241 (N.D. Cal. 1997).

The four factors that are relevant to determining whether leave should be granted are: (1) whether there has been undue delay; (2) whether the moving party has acted in bad faith or with a "dilatory motive"; (3) whether the amendment would be futile because the claims appear on their face to be frivolous; and (4) whether the non-moving party would be prejudiced by granting leave to amend. *Foman*, 371 U.S. at 182. In the Ninth Circuit, the non-moving party bears the burden of demonstrating why leave to amend should be denied. See *DCD Programs*, 833 F.2d at 187 ("The party opposing amendment bears the burden of showing prejudice."). As set forth below, none of these four factors are present in this case, and leave to amend should be granted.

/ / /

---

pleading to add an omitted counterclaim sound[ed] different from the general amendment standard in Rule 15(a)(2) . . . [but should have been administered] according to the same standard directing that leave should be freely given when justice so requires." Fed. R. Civ. P. 13, advisory committee note of 2009.

2

## Argument

**1.** Undue Delay

First, There has been no undue delay in bring Plaintiff's motion. Plaintiff has only recently become aware of the evidence leading to new allegations. Second, Defendant's sent request to waive service of process, and have yet to contact respond in any way to Plaintiff. Should this court approve this motion Plaintiff will be able to formally serve his first amended complaint to all Defendants.

**2. Plaintiff Has Acted in Good Faith in Asserting the Amendment.**

Plaintiff is not asserting the amendment for a "wrongful motive." See *DCD Programs*, 833 F.2d at 187. Plaintiff asserts his amendment for the sole purposes of adding additional allegations arising out of newly discovered evidence.

**3.** Plaintiff's amendment will not be futile because the claims on their face are not frivolous.

**4. Amendment Will Not Prejudice Defendants.**

"Prejudice is the touchstone of the inquiry under rule 15(a)." *Eminence*, 316 F.3d at 1052 (quotation omitted). There is clearly no prejudice to Defendants, nor is this amendment a surprise to Defendants.

In addition, the proposed amendment involves issues that are at the center of Plaintiff's claims in this action, such as adding allegations of additional violative telemearting calls, and removing Defendant's who are no longer a party to this action. The assertion of these allegations against Defendants will not alter the nature of the litigation in any fundamental way and, instead, will permit the Court to consider all the facts and legal theories relevant to the claims that have already been asserted.

If the Court does not grant leave to amend and does not consider Plaintiff's amendment, then Plaintiff may lose its ability to prosecute its claims against Defendants. Here, granting leave to amend confers no prejudice upon Defendants, and denying leave to amend risks extreme prejudice to Plaintiff. *Hip Hop Beverage Corp. v. RIC Representacoes Importacao e Comercio Ltd.*, 220 F.R.D. 614, 622 (C.D. Cal. 2003) (finding no prejudice where

"the issues contained in [the] proposed claims are substantially related to the issues contained in [the] Plaintiffs' Complaint").

## **Conclusion**

For the forgoing reasons, Plaintiff respectfully requests that the Court grant this motion.

Dated this October 5, 2024.

/s/ *Jason Crews*

Jason Crews

**COPIES** of the forgoing were filed with the court electronically via CM/ECF this same date.

**COPIES** of the forgoing were served via email this same date upon:
Roy Taub
roy.taub@gmlaw.com


By: _____/s/ *Jason Crews*_____
     Jason Crews