IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Crews, | No. CV-24-02227-PHX-SPL |
| Plaintiff, | |
| vs. | **ORDER** |
| Benavest Corporation, et al., | |
| Defendants. | |

The Court has been advised that Plaintiff and Defendants Benavest, Corp. and Joseph Gannon have reached a settlement in this case (Doc. 35).[1] Accordingly,

**IT IS ORDERED** that Defendants Benavest, Corp. and Joseph Gannon will be dismissed *with prejudice* from this case on **January 2, 2025**, unless a stipulation to dismiss is filed prior to the dismissal date.

///

///

---

[1] The Court notes it is not inclined to retain jurisdiction over the enforcement of the settlement terms. *LA Alliance for Human Rights v. City of Los Angeles*, No. LA CV 20-02291-DOC-KES, 2023 WL 3431905, at *2 (C.D. Cal. May 2, 2023) ("[A] court is under no obligation to retain jurisdiction over a settlement agreement . . . ." (alteration in original) (citation omitted)). The settlement agreement is a contract, and any action arising from it must meet federal jurisdictional requirements. *See ASA Enterprise, Inc. v. Stan Boyett & Son, Inc.*, No. 1:21-cv-00915-CDB, 2023 WL 1767735, at *2 (E.D. Cal. Feb. 3, 2023) ("'The normal remedy for a failure to abide by a settlement of federal litigation is a suit on the settlement contract. Such a claim arises under state law and must proceed in state court' unless the basis for federal jurisdiction was diversity. Generally, a federal question claim is 'extinguished by the settlement and converted . . . into a claim under a contract.'" (citations omitted)).

**IT IS FURTHER ORDERED** that the parties shall file a joint notice no later **December 6, 2024**, indicating whether the Motion for Costs (Doc. 23) remains pending or if it is withdrawn in light of the settlement.

Dated this 2nd day of December, 2024.

Honorable Steven P. Logan
United States District Judge